Carolyn CASIANA, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 02–3376.

United States Court of Appeals,
Federal Circuit.

July 7, 2003.

Before NEWMAN, CLEVENGER, and
SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

Carolyn Casiana petitions for review of
the decision of the Merit Systems Protec-
tion Board, *Casiana v. Dep't of the Army,*
Docket No. SF0752010159–1–1, 2002 WL
1370666 (June 17, 2002), dismissing Ms.
Casiana's appeal of her removal from em-
ployment with the Army as untimely filed.
The decision is *affirmed.*

BACKGROUND

Ms. Carolyn Casiana has been deaf since
birth. English is not her first language;
Ms. Casiana communicates using American
Sign Language, and her ability to read and
understand written English is stated to be
at the third grade level.

Ms. Casiana was employed by the De-
partment of the Army as a Supply Clerk,
GS–2005–04, at the Sierra Army Depot in
Herlong, California. She states that she
was fired from her position because of an
illness, and that she was not provided with
an interpreter to assist her in communica-
tion with her employer during meetings to
discuss her employment. The Department
of the Army removed Ms. Casiana from
her position of Supply Clerk, effective No-

vember 12, 1994, for Absence Without Official Leave. The Army's "Notice of Decision—Removal" was sent by certified mail, and was duly received on November 14, 1994, and contained the following:

4. You have a right to appeal the decision to separate you from Federal Service to the Merit Systems Protection Board (MSPB) . . .

5. If you elect to appeal this action to MSPB, you should follow the procedures described in the attached MSPB regulation. Such an appeal must be submitted in writing to the Chief Appeals Officer, Merit Systems Protection Board (MSPB), 525 Market Street, San Francisco, California 94105.

Your appeal must be received by MSPB within twenty (20) calendar days after the effective date of this action. If you elect to appeal to MSPB, you must send two (2) copies of your appeal and any attachments to that office.

6. If you allege discrimination based on race, color, religion, sex, national origin, handicap, age and/or reprisal, you may elect to utilize the Army's Equal Employment Opportunity (EEO) complaint procedure. An EEO complaint must be submitted within forty-five (45) calendar days of the effective date of this action. Information on this procedure may be obtained from the EEO Officer, Sierra Army Deport at (916) 827–4414.

7. You may use only one of the above procedures; MSPB or EEO. Whichever procedure you first elect will be the administrative procedure of record.

On June 19, 2001, Ms. Casiana filed an appeal with the MSPB, more than six and one half years late. An Acknowledgment Order ordered her to "file evidence and argument demonstrating that her appeal was timely filed or that good cause existed for the delay." [1] Ms. Casiana responded that after her removal she "had numerous problems securing representation and a sign-language interpreter." Ms. Casiana states that she "was represented at different times by two different attorneys who were subsequently disbarred," and that she has been representing herself since that time. The record states that Ms. Casiana had "hired an attorney at one time, Brian Varner of Sacramento, California, who assisted her with a workers' compensation claim in 1994 and 1995," but that Mr. Varner did not file an appeal with the Merit Systems Protection Board on her behalf. She states that she contacted the NorCal Center for the Deaf in 1994 for assistance with her situation, but was unable to travel to their offices due to dangerous road conditions caused by a snowstorm. She states that she thought her attorney was "the expert" regarding filing requirements, and that she was unaware of the deadline for appeals within the MSPB.

The Board found that "the delay of almost seven years in filing the appeal is considerable," and that the Agency clearly informed Ms. Casiana of the 20–day appeal period. The Board determined that neither a claim of inadequate representation nor the pursuit of appeal rights in other forums establishes good cause, and that Ms. Casiana "failed to demonstrate that

---

**1.** The administrative judge noted in her initial decision that "the timeliness paragraph in the Board's Acknowledgment Order incorrectly listed the Board's current 30–day deadline [for filing appeals to the MSPB]," *see* 5 C.F.R. § 1201.22(b) (2001), because the "former 20–day deadline was still in effect at the time of the appellant's removal, [and therefore] the shorter deadline applies to the appellant's appeal." *See* 5 C.F.R. § 1201.22(b) (1994).

there were circumstances beyond her control which prevented her from filing her appeal for almost seven years." The MSPB found that Ms. Casiana had not established good cause for the delay, and dismissed the appeal. This appeal followed.

## DISCUSSION

Ms. Casiana states that the MSPB erred when it did not address the "well-documented communications problems encountered with deaf people" such as herself, and argues that her "Right to Appeal is not founded in a fair and impartial process." She states that the lack of effective communication on the part of the Agency during and after her employment "carried over into the review process," and alone shows good cause for consideration of her appeal to the MSPB. She also states that the MSPB did not clearly inform her of the time limits or process for filing a Board appeal, that it did not provide appropriate communication with her throughout the process, and failed to ensure her full and accurate comprehension.

Ms. Casiana requests that her rights be considered "in the light of the ineffective communications methods employed in the review process." She asserts that she "should never have lost [her] job," and further requests reinstatement of both her retirement and medical benefits.

The regulation applicable at the time of Ms. Casiana's removal stated the following:

§ 1201.21 Notice of appeal rights

When an agency issues a decision notice to an employee on a matter that is appealable to the Board, the agency must provide the employee with the following:

(a) Notice of the time limits for appealing to the Board, the requirements of § 1201.22(c), and the address of the appropriate Board office for filing the appeal;

(b) A copy, or access to a copy, of the Board's regulations;

(c) A copy of the appeal form in appendix I of this part; and

(d) Notice of any right the employee has to file a grievance.

5 C.F.R. § 1201.21 (1994). The agency complied with these provisions. With respect to a waiver of these regulations:

§ 1201.12 Revocation, amendment, or waiver of rules.

The Board may revoke, amend, or waive any of these regulations. A judge may, for good cause shown, waive a Board regulation unless a statute requires application of the regulation. The judge must give notice of the waiver to all parties, but is not required to give the parties an opportunity to respond.

5 C.F.R. § 1201.12 (1994). Absent substantial prejudice to the agency, waiver of the filing deadline for an appeal to the Board is appropriate upon the showing of good cause. *Walls v. Merit Systems Protection Board,* 29 F.3d 1578, 1583–84 (Fed. Cir.1994) (citing *Alonzo v. Dep't of the Air Force,* 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980)).

The issue is whether the Board abused its discretion when it ruled that Ms. Casiana failed to show good cause for the more than six-year delay in filing her appeal. *See Mendoza v. Merit Systems Protection Board,* 966 F.2d 650, 652 (Fed. Cir.1992) (*en banc*). In *Walls,* the court recognized the *Alonzo* criteria for determining good cause, founded on "broad equitable principles of justice and good conscience," and the *Alonzo* principle that "[i]f the employee gives a reasonable excuse for the delay, such excuse should be accepted by the presiding official, absent a showing

of substantial prejudice to the agency caused by the delay in filing." 29 F.3d at 1582 (quoting *Alonzo,* 4 MSPB 262, 4 M.S.P.R. at 184). However, this court has "often stated that whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza,* 966 F.2d at 653 (citations omitted).

Our review of the Board's refusal to waive an untimely filing is governed by section 7703 of Title 5. *Phillips v. United States Postal Service,* 695 F.2d 1389, 1390 (Fed.Cir.1982). Under 5 U.S.C. § 7703(c), this court shall overturn a final decision of the Board only if it was 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pyles v. Merit Systems Protection Board,* 45 F.3d 411, 414 n. 2 (Fed.Cir.1995) (citations omitted).

We take note of the difficulties experienced by Ms. Casiana. Although she argues that the Agency failed to establish her full and complete comprehension of the appeal requirements, and that she was unaware of the 20–day filing requirement, these requirements were clearly stated in the Notice that she received. The Board's finding that Ms. Casiana was "clearly informed" that her "appeal should have been filed no later than 20 calendar days after the effective date of her removal," is supported by substantial evidence, and must be sustained.

█ It was then determined whether the delay was excusable. "The appellant need not show an utter impossibility, but only that the delay was excusable in light of the particular facts and attending circumstances where diligence or ordinary prudence has been exercised." *Alonzo,* 4 MSPB 262, 4 M.S.P.R. at 184. Ms. Casiana's filing was delayed for over six years. Accepting her difficulties with written English and in finding an interpreter and competent counsel and the extreme weather conditions, more is required to excuse a delay of this magnitude. The Board did not abuse its discretion in holding that good cause for the delay had not been shown. The Board's dismissal of Ms. Casiana's appeal as untimely filed is affirmed.

No costs.